# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-50459
consolidated with
No. 22-50460
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alejandro Vasquez-Santana,

*Defendant—Appellant*.

———————————————————————

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-34-1, 7:16-CR-298-1

———————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges.*

Per Curiam:[*]

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Alejandro Vasquez-Santana appeals his sentence for illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(2), as well as the judgment revoking his term of supervised release for committing the new offense. He has not briefed, and has therefore abandoned, any challenge to the revocation judgment imposed in the consolidated case. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

Vasquez-Santana argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the applicable maximum in § 1326(a), based on facts neither alleged in the indictment nor found by a jury beyond a reasonable doubt. His three-year term of supervised release also exceeds the maximum in § 1326(a). Vasquez-Santana acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he nevertheless seeks to preserve it for possible Supreme Court review. Accordingly, Vasquez-Santana has filed an unopposed motion for summary disposition.

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). As Vasquez-Santana concedes that his argument is foreclosed, summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Vasquez-Santana's motion is GRANTED, and the district court's judgments are AFFIRMED.